UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARTHUR LEE GARRISON,<br><br>                    Plaintiffs,<br><br>  v.<br><br>WOOD, et al.,<br><br>                    Defendants. | 3:19-cv-0188-MMD-CLB<br><br>**ORDER** |

Plaintiff's motion (ECF No. 38) which the defendants have construed as a motion to enforce settlement agreement is **DENIED**. The defendants have shown in their response that they have complied with the settlement agreement (ECF No. 39). If plaintiff believes that a breach of contract has occurred, he may choose to file an action in state court. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375 (1994).

In *Kokkonen*, the Supreme Court held that federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement merely because the subject of the settlement was a federal lawsuit. *Id.* at 381. The Court stated that ancillary jurisdiction is general permissible under two circumstances: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 379-80 (internal citations omitted). As to the first circumstance, the Court found that it would not be particularly efficient for a federal court to exercise jurisdiction over what is essentially a breach of contract claim because the facts underlying the breach of a settlement agreement "have nothing to do with" the facts of the underlying case. *Id.* at 380.

As to the second circumstance, the Court held that a federal court has ancillary jurisdiction to enforce a settlement agreement "if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by

separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement into the order." *Id.* at 381.  Jurisdiction exists in such a case because a breach of the settlement agreement violates a court order.  *Mallard Automotive Group Ltd. v. United States*, 343 F.Supp.2d 949, 955 (D. Nev. 2004) *citing Kokkonen*, 511 U.S. at 375.  If the federal court has no independent jurisdiction over the settlement agreement, and absent making the settlement agreement part of the dismissal order, enforcement of the agreement is for the state courts.  *Mallard*, 343 F.Supp.2d at 955.

Defendants' motion to seal Exhibits 1 and 2 which are plaintiff's medical records (ECF No. 40) is **GRANTED**.

**DATED:** February 9, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**