**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ARTHUR LEE GARRISON,

          Plaintiff,

v.

WOOD, et al.,

          Defendants.

Case No.: 3:19-cv-0188-MMD-CLB

**ORDER**

Currently before the court are two motions filed by Plaintiff Arthur Lee Garrison: (1) a "motion to resend or revoke consider as judge ordered"; (ECF No. 46); and (2) a "motion to produce whole medical file to allow judge to exam and properly rule on the revoking of cases." (ECF No. 48). For the reasons stated below, the court denies both motions. (ECF Nos. 46, 48).

On August 25, 2020, the parties entered into a binding settlement agreement to resolve this case. (ECF No. 25). The binding terms of that settlement were placed on the record following the settlement conference. On September 3, 2020, the parties filed a stipulation to dismiss this case with prejudice. (ECF No. 27). This stipulation was accepted by the court and the case was dismissed, with prejudice, on September 8, 2020. (ECF No. 28).

The court construes Plaintiff's first motion, (ECF No. 46), as a motion to enforce settlement agreement. However, as this case has been dismissed with prejudice, this court no longer has jurisdiction over this case to either enforce or to revoke the terms of the settlement agreement entered between the parties. In *Kokkonen v. Guardian Life Ins. Co. of America*, the Supreme Court held that federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement merely because the subject of the settlement was a federal lawsuit. 511 U.S. 375, 381 (1994). The Court stated that ancillary jurisdiction is general permissible under two circumstances: "(1) to permit disposition by a single court

of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id*. at 379-80 (internal citations omitted). As to the first circumstance, the Court found that it would not be particularly efficient for a federal court to exercise jurisdiction over what is essentially a breach of contract claim because the facts underlying the breach of a settlement agreement "have nothing to do with" the facts of the underlying case. *Id.* at 380.

As to the second circumstance, the Court held that a federal court has ancillary jurisdiction to enforce a settlement agreement "if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement into the order." *Id.* at 381. Jurisdiction exists in such a case because a breach of the settlement agreement violates a court order. *Mallard Automotive Group Ltd. v. United States*, 343 F.Supp.2d 949, 955 (D. Nev. 2004) *citing Kokkonen*, 511 U.S. at 375. If the federal court has no independent jurisdiction over the settlement agreement, and absent making the settlement agreement part of the dismissal order, enforcement of the agreement is for the state courts. *Mallard*, 343 F.Supp.2d at 955.

Here, neither circumstance described in *Kokkonen* applies in this case. Therefore, the court no longer has jurisdiction over the enforcement and/or breach of the settlement agreement. Therefore, Plaintiff's motion to enforce must be denied and Plaintiff's motion to produce his medical file must also be denied because it is moot.

If Plaintiff believes that a breach of contract has occurred, he may choose to file an action in state court. Plaintiff shall not file any further motions related to enforcing the settlement agreement entered in this case.

///

///

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Resend or Revoke Consider as Judge Ordered, (ECF No. 46), be **DENIED**; and,

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Produce Whole Medical File to Allow Judge to Exam and Properly Rule on the Revoking of Cases, (ECF No. 48), be **DENIED** as moot.

DATED: April 30, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**